UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
: 
ROCKY STARCHER,                            :    CASE NO. 1:05-CV-1314
:
        Petitioner,           :
:
vs.                                        :    ORDER & OPINION
                                   :    [Resolving Doc. 29]
MICHELLE EBERLIN, Warden                   :
:
        Defendant.            :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On May 30, 2006, this Court adopted the Report & Recommendation of Magistrate Judge Vecchiarelli, finding that all seven of Petitioner Rocky Starcher's grounds for relief were not well taken and dismissing his Petition for Writ of Habeas Corpus with prejudice. [Doc. 23.] On July 20, 2006, Petitioner filed a Motion for Extension of Time to File Notice of Appeal (instanter), which was granted on July 25, 2006. [Docs. 25 & 26.] On August 31, 2006, Petitioner filed a Motion for Reconsideration with this Court. [Doc. 29.] On December 29, 2006, the case was assigned to this Court for further proceedings. [Doc. 30.]

The Federal Rules do not describe motions to reconsider. The Sixth Circuit has held, however, that a motion to vacate and reconsider may be treated under Rule 59(e) as a motion to alter or amend a judgment. *Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979) ("a motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment.") Such a motion is extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc*., 904 F. Supp. 644, 669 (N.D. Ohio 1995). In addition, Fed. R. Civ. P. 59(e) states "Any motion to alter or amend a judgment shall

-1-

Case No. 1:05-CV-1314
Gwin, J.

be filed no later than 10 days after entry of the judgment."

A court may grant a motion to amend or alter judgment if a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)). When the "defendant views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit." *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991).

Additionally, circumstances in which a petitioner files both a Notice of Appeal and a Motion for Reconsideration are governed by Fed. R. App. P. 4(a)(4). This rule establishes that when a petitioner files a Motion for Reconsideration subsequent to filing a Notice of Appeal, the petitioner's Notice of Appeal is effectively suspended until the Motion for Reconsideration is addressed by the district court. FED. R. APP. P 4(a)(4) ("If a party timely files in the district court any of the following motions . . . the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: . . . (iv) to alter or amend the judgment under Rule 59"). Likewise, the Advisory Committee Notes on the 1993 Amendments to Fed. R. App. P. 4(a)(4) explicitly address this issue:

The amendment provides that a notice of appeal filed before the disposition of a

-2-

Case No. 1:05-CV-1314
Gwin, J.

> specified posttrial motion will become effective upon disposition of the motion. A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.

As such, this Court retains jurisdiction to rule on Petitioner's Motion for Reconsideration even though it was filed subsequently to a Notice of Appeal.

Whereas the Court has jurisdiction to rule on Petitioner's Motion for Reconsideration, the Court **DENIES** Petitioner's Motion for Reconsideration as untimely. The Sixth Circuit has held that a motion to vacate and reconsider may be treated under Fed. R. Civ. P. 59(e) as a motion to alter or amend a judgment. *Smith*, 600 F.2d at 62-63. Fed. R. Civ. P. 59(e) establishes that a "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." *See Sonnenblick-Goldman Corp. v. Nowalk*, 420 F.2d 858, 859 (3d Cir. 1970) (holding that a motion for reconsideration was governed by the 10 day filing requirement enumerated in Fed. R. Civ. P. 59(e)). The Order and Judgment adopting Magistrate Judge Vecchiarelli's Report & Recommendation and dismissing Starcher's petition were entered on May 30, 2006. Petitioner filed this Motion for Reconsideration on August 31, 2006. As such, the time limit for proper filing of the Motion for Reconsideration had long expired.

Therefore, the Court **DENIES** Petitioner's Motion for Reconsideration as untimely.

IT IS SO ORDERED.

Dated: January 25, 2007        s/    *James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE